IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02953-WYD-MEH

JAMES NELSON and
ELIZABETH VARNEY,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 9, 2012.**

      The Joint Motion to Vacate Early Neutral Evaluation [filed August 7, 2012; docket #28] is **granted in part** and **denied in part**. The Court's calendar reflects that this case is scheduled for a Settlement Conference rather than an Early Neutral Evaluation.[1] (Docket #12.) With that qualification, the Settlement Conference scheduled in this case for August 14, 2012, is hereby **vacated** and **rescheduled** for **September 27, 2012**, at **10:00 a.m.** and will take place in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. If this date is inconvenient, counsel for the parties shall teleconference together and call my Chambers at (303)844-4507 to obtain an alternative date.

      Counsel shall have all parties present, including, but not limited to, an adjustor if an insurance company is involved, who shall have full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel or an insurance adjustor alone**.

      In exceptional circumstances only, the appearance or insurance representative by telephone may be approved in advance of the conference by Chambers. Any party seeking such relief should confer with opposing counsel before contacting Chambers directly at 303-844-4507.

---

[1] The Court recognizes a discrepancy between the Courtroom Minutes/Minute Order [docket #12] and the Scheduling Order [docket #13]. However, because Chief Judge Daniel has referred this case for settlement [docket #2], the Court finds that a Settlement Conference is preferable.

No person is ever required to settle a case on any particular terms or amounts.  However, if any person attends the settlement conference without full authority, or if a party or insurance representative fails to attend the settlement conference without prior Court approval, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side.  Furthermore, if, prior to the conference, one or both parties believe that the matter may not be ripe for negotiations, the parties may contact Chambers to reschedule the conference to a more appropriate time.

So that we may hold productive settlement discussions on the day of the conference, **counsel shall prepare and submit <u>two</u>** settlement documents: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge.

The document(s) which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which supports that side's claims, and may present a demand or offer.  These documents should be intended to persuade the opposing clients and counsel.

The second document shall be emailed to the Magistrate Judge (<u>not</u> submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*.  This document shall contain the content or copies of the first document along with any confidential comments the party or counsel wishes to make, including any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement.

The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference.  Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification.  *See* D.C. Colo. LCivR 83.2B.