Case 1:11-cv-02953-WYD-CBS   Document 77   Filed 08/29/13   USDC Colorado   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02953-WYD-MEH

JAMES NELSON and
ELIZABETH VARNEY,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Strike Declaration of James Anderson and to Preclude His Testimony as Evidence in this case filed April 30, 3013 (ECF No. 74).  A response was filed on May 20, 2013, and a reply was filed on June 6, 2013.  For the reasons discussed below, Plaintiff's Motion to Strike is granted.

Fed. R. Civ. P. 37(c) states, "If a party fails to provide information or identify a witness required as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Here, the United States does not dispute that it failed to disclose Mr. Anderson in its Rule 26 disclosures or during discovery in this case.

I also find that the United States has not shown that the failure to identify Mr. Anderson in discovery is substantially justified or harmless.  Indeed, I find that

Plaintiffs would be prejudiced if Mr. Anderson's Declaration was considered in connection with Defendant's summary judgment motion.  Since they did not know the United States was going to rely on his testimony and were surprised thereby, they had no ability to depose Mr. Anderson or to respond intelligently to his Declaration in connection with the summary judgment briefing.  Moreover, the summary judgment motion is fully briefed and trial is set in December.  Thus, I find that allowing the testimony at this time would disrupt both the resolution of the summary judgment motion and, potentially, the trial.  *See Woodworker's Supply Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Accordingly, I strike the Declaration of James A. Anderson that is attached to Defendant's Motion for Summary Judgment as Exhibit F (ECF No. 58-6), and will not consider it.  I will, however, grant the United States' request to substitute Mr. Anderson's Declaration with the Declaration of Frederick L. Williams attached as Exhibit B to Defendant's Response in Opposition to Plaintiffs' Motion to Strike the Response (ECF No. 75-2.)  Plaintiffs had the opportunity to depose Mr. Williams, and I find that this Declaration would assist in resolution of Defendant's Motion for Summary Judgment.

Thus, references in Defendant's Motion for Summary Judgment shall now be construed to refer to Mr. Williams' Declaration.  To avoid any prejudice to Plaintiffs caused by the substitution of Mr. Williams' Declaration, Plaintiffs may file a supplemental response to Defendant's Motion for Summary Judgment by **Monday, September 9, 2013**, that addresses the Declaration and its effect on Defendant's motion.  No reply will be allowed.

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion to Strike Declaration of James Anderson and to Preclude His Testimony as Evidence in this case filed April 30, 3013 (ECF No. 74) is **GRANTED**.  The Declaration of James Anderson attached as Exhibit F to Defendant's Motion for Summary Judgment is **STRICKEN**.  It is

FURTHER ORDERED that the United States' request in its Response in Opposition to Plaintiffs' Motion to Strike to substitute Mr. Anderson's Declaration with the Declaration of Frederick L. Williams is **GRANTED**.  Mr. Williams' Declaration (ECF No. 75-2) shall be substituted for Mr. Anderson's Declaration.  Finally, it is

ORDERED that on or before **Monday, September 9, 2013**, Plaintiffs may file a supplemental response to Defendant's Motion for Summary Judgment that addresses the Declaration of Mr. Williams and its effect on the motion.

Dated:  August 29, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge