IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02953-WYD-MEH

JAMES NELSON and
ELIZABETH VARNEY,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Defendant's Motion to Bifurcate Trial filed October 28, 2013, and the parties' Stipulation Regarding Trial Setting filed November 12, 2013.  I first address the Stipulation, noting that the parties agree that this case arising under the Federal Tort Claims Act must be tried to the Court, not to a jury.  I concur with and approve the Stipulation, and thus strike the jury setting.  *See* 28 U.S.C. § 2402; 28 U.S.C. § 1346(b)(1).  The case will be tried to the Court.

I now turn to the Motion to Bifurcate Trial.  The United States asserts that bifurcation is appropriate in this case to promote efficient use of judicial and litigant resources.  A response in opposition to the motion was filed on November 6, 2013, and a reply was filed on November 7, 2013.   Thus, the motion is fully briefed.

Turning to my analysis, I first note that this is a premises liability claim against the United States arising from a bicycle accident by Plaintiff James Nelson on property of

the Air Force Academy.  Plaintiffs claim that Mr. Nelson suffered catastrophic injuries in

that accident when he fell into a large, unmarked sinkhole that bisected the entire width

of a bicycle path that he was riding on.  (Final Pretrial Order at 2, ECF No. 70.)  The

United States seeks to bifurcate the trial into two phases: liability and damages.

Fed. R. Civ. P. 42(b) allows a court to bifurcate issues or claims "[f]or

convenience, to avoid prejudice, or to expedite and economize. . . ."  District courts

have broad discretion in deciding whether to bifurcate or sever issues for trial.  *U.S. ex*

*rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010).  Bifurcation is not

an abuse of discretion if the interests in Rule 42(b) "favor separation of issues and the

issues are clearly separable."  *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 964

(10th Cir. 1993).

This court set forth ten factors to be considered in determining whether to order

bifurcation of issues.  *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980).

Those issues are: (i) will separate trials be conducive to expedition of the litigation and

economy; (ii) will separate trials be in furtherance of convenience to the parties and

avoid prejudice; (iii) are the issues sought to be tried separately significantly different;

(iv) are the issues triable by jury or by the court; (v) has discovery been directed to

single trial of all issues or separate trials; (vi) will substantially different witnesses and

evidence be required if issues are tried separately; (vii) will a party opposing severance

be significantly prejudiced if it is granted; (viii) will an unfair advantage be afforded to a

party if bifurcation is granted; (ix) will management of trial, delineation of issues, and

clarity of factual questions be substantially enhanced by bifurcation; and (iv) will bifurcation assist efficient judicial administration of the case? *Id.*

I find that the issues of liability and damages in this case are sufficiently different such that separate trials on these issues will be conducive to expedition of the litigation and economy.  There are significant issues that must be addressed at the liability phase, such as (1) James Nelson's legal status when he entered the bicycle path on Air Force Academy property, *i.e.*, whether he was a recreational user under the Colorado Recreational Use Statute ["CRUS"] or an invitee and (2) whether the United States was a landowner of the property within the meaning of the Colorado Premises Liability Act. As discussed in my Order addressing the summary judgment motions, if the Court determines under the CRUS that the Air Force Academy invited, encouraged, or permitted people to use the bicycle path for recreational purposes, either directly or indirectly, Plaintiffs can establish the United States' liability for Mr. Nelson's injuries only if they demonstrate that it acted with the "'willful and malicious failure to guard or warn against a known dangerous condition . . . likely to cause harm.'" (Order on Summary Judgment, ECF No. 79, at 27) (quoting C.R.S. § 33-41-104(1)(a)).  Additionally, the issue of Mr. Nelson's comparative negligence must be determined at the liability phase. These are significant issues that are completely independent of Mr. Nelson's damages.

I further find that bifurcation is appropriate because it appears that liability can be tried and determined in one week or less, cutting the trial length in half.  It also appears that the two phases will require substantially different witnesses.  The damages phase will require testimony of numerous medical doctors and introduction of medical records

that will be time-consuming and which ultimately may not be necessary.[1]  If the question of liability is resolved in the United States' favor, this would preclude the need for a trial on damages.  If the liability question is resolved in Plaintiffs' favor, the parties may be able to reach agreement regarding various issues related to damages, or even reach a settlement, foreclosing the need for trial regarding damages.   Based on the foregoing, I find that management of the trial will be substantially enhanced by bifurcation, and that bifurcation will assist in the efficient judicial administration of the case.

While Plaintiffs argue that bifurcation is inappropriate because this is a personal injury case, "the most common example of bifurcation occurs in the separate trial of the issues of liability and damages in personal injury actions . . . ."  *Martin*, 85 F.R.D. at 658-59 (citing *Crummet v. Corbin*, 475 F.2d 816 (6th Cir. 1973)); *see also* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2390 ("The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b).") (citing numerous bifurcated personal injury cases).  I also reject Plaintiffs' argument that Defendant's motion is untimely, unfair and prejudicial.  While I acknowledge that the motion probably should have been filed earlier given the substantial time the parties have incurred getting ready for trial, I find that Plaintiffs have not shown prejudice or that Defendant will receive an unfair advantage from bifurcation.

Essentially, Plaintiffs' argument boils down to the desire to present their case in the manner they wish and have prepared for.  However, "[i]t is the interest of efficient

---

[1]  Plaintiffs recently indicated that they have 11 medical doctors on their "will call" witness list for trial, plus one additional medical witness.  (ECF No. 87 at 1-5.)  Plaintiffs also identified, in the Final Pretrial Order, about 100 exhibits pertaining to medical damages.  (ECF No. 70-2 at 23-46.)

judicial administration that is to be controlling under the rule [42(b)], rather than the wishes of the parties." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2388. Moreover, while some witnesses and experts will have to be rescheduled, I find that this does not impose an undue burden on the witnesses, especially given the fact that the witnesses' testimony will not be required if Plaintiffs are unsuccessful at the liability stage. Moreover, if Plaintiffs are successful in the first phase, the parties will have additional time to take preservation depositions of treating physicians, thereby streamlining the damages trial and minimizing any inconvenience to these witnesses. I also note that since the case is now set for a bench trial the Court has more leeway to accommodate Plaintiffs in regard to scheduling the second phase of the trial to ensure availability of its witnesses and that justice is not unduly delayed.

Based on the foregoing, I grant Defendant's Motion to Bifurcate Trial. This case will be bifurcated into two phases: liability and damages. The liability trial shall commence on Monday, December 2, 2013, as scheduled, and shall last not more than five (5) days. If Plaintiffs are successful in the first phase, a second trial on damages will then be scheduled.

In light of this Order, the deadline to submit Findings of Fact and Conclusions of Law as well as witness and exhibit lists is extended from November 15, 2013, to November 19, 2013. The parties shall bring these documents to the Final Trial Preparation Conference set November 19, 2013, at 11:00 a.m.

In conclusion, it is

ORDERED that the Stipulation Regarding Trial Setting filed November 12, 2013 (ECF No. 91) is **APPROVED**.  The jury setting is stricken, and the trial set to commence on December 2, 2013, will be a bench trial.  It is

FURTHER ORDERED that Defendant's Motion to Bifurcate Trial filed October 28, 2013 (ECF No. 85) is **GRANTED**.  This case will be bifurcated into two phases: liability and damages.  The liability phase of the case shall commence on Monday, December 2, 2013, as scheduled, and shall last not more than five (5) days.  Finally, it is

ORDERED that the deadline to submit Findings of Fact and Conclusions of Law as well as witness and exhibit lists is extended to **November 19, 2013**.  The parties shall bring these documents to the Final Trial Preparation Conference set November 19, 2013, at 11:00 a.m.

Dated:  November 13, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge