IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02953-WYD-CBS

JAMES NELSON and
ELIZABETH VARNEY,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

    THIS MATTER is before the Court on Defendant's Unopposed Motion to Amend Final Judgment filed May 29, 2014.  The motion seeks to amend the judgment as to the award of post-judgment interest, and indicates that it is not opposed by Plaintiffs.

    Turning to my analysis, the motion is timely since it was filed within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Reasons for granting a Rule 59(e) motion "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

    I agree with the Government that the Judgment is clearly erroneous and contrary to law as it pertains to the award of post-judgment interest "from the date of judgment". (Final Judgment, ECF No. 181, at 2.)  Interest is recoverable against the United States only when expressly provided for by statute." *Hull by Hull v. United States*, 971 F.2d

1499, 1506 (10th Cir. 1992).  In FTCA cases such as this, 31 U.S.C. § 1304(b)(1)(A) applies and permits the award of interest against the United States.  However, it only allows for post-judgment interest during a specific time period: "when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the Secretary of the Treasury through the day before the date of the mandate of affirmance."  31 U.S.C. § 1304(b)(1)(A); *see also Hull by Hull*, 971 F.2d at 1506-07.  The statutory interest provision in 28 U.S.C. § 1961(a) provides the rate of interest, as set forth in the Final Judgment, but that post-judgment interest only accrues during the time period specified by 31 U.S.C. § 1304(b)(1)(A).  Based on the foregoing, it is

ORDERED that Defendant's Unopposed Motion to Amend Final Judgment filed May 29, 2014 (ECF No. 182) is **GRANTED** pursuant to Fed. R. Civ. P. 59(e).  The third paragraph on page two of the Final Judgment regarding post-judgment interest shall be amended as follows:

> ORDERED that post-judgment interest is awarded pursuant to and in accordance with 31 U.S.C. § 1304(b)(1)(A) (to begin accruing "only when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the Secretary of the Treasury through the day before the date of the mandate of affirmance") and at the rate set forth in 28 U.S.C. § 1961(a).

Dated:  June 19, 2014

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    Senior United States District Judge